UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DANNY R. SCOTT                                                                                           PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:11CV-682-S

NORTON HEALTHCARE, INC.                                                                        DEFENDANT

### MEMORANDUM OPINION

This is an action for wrongful denial of benefits under an employee benefit plan, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. The plaintiff, Danny R. Scott, was formerly the Chief Administrative Officer of Norton Cancer Institute. He was offered and elected to participate in Norton's ExecuPlus Capital Accumulation Plan. Norton "sponsors the Plan to provide key employees with supplemental deferred compensation as well as the opportunity to defer compensation...to encourage continued employment with the Company for a significant period of time." ExecuPlus Plan, Art. I, sec. 1.2. Scott made contributions yearly and elected to have his Plan account benefits paid to him twenty-four months after the date of his separation from Norton. Compl., ¶ 10.

Scott was denied payment of deferred compensation for 2007 and 2008.[1] He filed suit against defendant Norton Healthcare, Inc. ("Norton") for wrongful denial of benefits. This matter is now before the court on motion of the defendant, Norton Healthcare, Inc., to dismiss the action

---

[1] The purported basis for the denial is immaterial to the resolution of this motion.

on the ground that Scott has failed to exhaust the administrative remedies available to him under the plan. (DN 5).

The parties dispute when Scott first made a written claim for benefits. Scott contends that a June 21, 2011 e-mail to Helen Combs, Director of Compensation at Norton, constituted a claim for benefits, and that Norton's response to that claim was deficient under the plan. Norton contends that Scott's e-mail was insufficient to initiate a claim under the plan. The e-mail stated "could you let me know when to expect the check from my ExecuPlus account."

Norton received a letter dated August 3, 2011 on behalf of Scott stating that the June 21, 2011 e-mail had initiated a claim for benefits, and that Scott was seeking review of the decision denying that claim. Norton responded that the August 3, 2011 letter from Scott's counsel would be treated as a claim, and that Norton would respond within the timeframe established by the plan Norton said nothing about Scott's June 21st e-mail. On October 5, 2011, Scott inquired about the status of the claim. His counsel wrote:

> Setting aside the issue of what document constituted the initiation of a written claim under Section 8.1.1 of the Plan, can we simply work together and try to resolve this as quickly as possible? The issues are not complicated, and we would greatly appreciate a prompt and fair response to Mr. Scott's claim.

(DN 1-14).

On October 31, 2011, Norton responded to what it had characterized as the "claim letter of August 3, 2011 (the 'Claim')," (DN 1-15, p. 1) and stated that Scott was not entitled to any further benefits under the plan. The letter also informed him that he was entitled to a full and fair review by Norton of this denial of his claim, upon a written request for review made within sixty days of the notice of denial.

On December 13, 2011, Scott filed this action seeking benefits under the plan, interest, attorney fees and costs. He alleged that the denial of benefits was wrongful and in made bad faith.

In a footnote to paragraph 34 of the complaint, Scott stated that

Although Scott believes that the July 1, 2011 email from Helen Combs to Scott constitutes a notice of decision pursuant to Article 8.1.2 and 8.1.3.1 of the Plan, Scott, in an effort to defeat any claim that he has not exhausted his administrative remedy, will file a (second) request for review pursuant to Article 8.2 of the Plan on or before December 30, 2011.

DN 1, p. 9. Despite this somewhat odd procedure of footnoting in a complaint a procedural step which has yet to be taken, it now appears that Scott did seek review of the denial of benefits by letter dated December 13, 2011. That review process is apparently not yet complete.

The Sixth Circuit requires that administrative remedies be exhausted prior to the initiation of a suit for benefits under ERISA. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 90 (6th Cir. 1997). Scott urges that he need not wait for a final determination, as he contends that Norton failed to timely and sufficiently respond to his July 21st email, and therefore his administrative remedies are deemed exhausted, citing *Linder v. BYK-Chemie USA, Inc.*, 313 F.Supp.2d 88 (D.Conn. 2004). Despite the articulation of this theory, however, Scott has, in fact, sought review, whether termed "first" or "second," which has rendered his claim unexhausted, and created the very situation the exhaustion requirement was designed to prevent - the occurrence of parallel administrative and judicial proceedings.

Seeking to hold Norton responsible for a purported bad faith denial of Scott's June 21, 2011 "claim," he filed this suit. Scott has expressed concern that Norton is attempting to right a wrong by refusing to acknowledge his June 21, 2011 e-mail as a claim, reviewing only the August 3, 2011 "claim letter," and seeking dismissal of this action for failure to exhaust. Nothing prevents Scott

from arguing any pertinent facts in subsequent pleadings in seeking to make out a claim of bad faith. However, Scott cannot argue his tardy response theory while simultaneously attempting to exhaust his remedies with Norton. As Scott has sought review and thus rendered his claim unexhausted, the current action must be dismissed without prejudice. Therefore, the motion of Norton to dismiss for failure to exhaust administrative remedies will be granted by separate order.

**IT IS SO ORDERED.**

August 23, 2012

**Charles R. Simpson III, Judge
United States District Court**