UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DANNY R. SCOTT                                                             PLAINTIFF

v.                                         CIVIL ACTION NO. 3:11CV682-S

NORTON HEALTHCARE, INC.                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of the plaintiff, Danny R. Scott ("Scott"), for leave to file an amended complaint to reflect that he has now fully exhausted his administrative remedies in this ERISA action.

On August 23, 2012, the court dismissed the action without prejudice in light of the fact that he was simultaneously (1) pursuing an action in this court, and (2) attempting to exhaust his remedies under the Norton ExecuPlus Capital Accumulation Plan. Scott filed this suit claiming wrongful denial of a June 21, 2011 claim for benefits. Defendant Norton Healthcare, Inc. ("Norton") has denied that Scott made a claim for benefits on that date. Rather, it asserts that Scott did not make a claim until, arguably, August 3, 2011 via a letter it received from Scott's counsel. While Scott steadfastly maintains that he made a claim on June 21, 2011, he sought review of the denial of the August 3, 2011 claim recognized by Norton to ensure that he did not administratively default any claim for benefits under the plan.

Norton, predictably, filed a motion to dismiss this action on the ground that Scott failed to exhaust administrative remedies under the plan. In fact, Scott was then attempting to exhaust remedies on the August 3, 2011 claim. Scott obtained a final denial of his claim on April 6, 2012

while Norton's motion to dismiss was still pending. The court was not apprised by either party of the April 6, 2012 denial letter. Rather, the parties continued to rely on their briefing of the motion to dismiss.

The posture of the case was somewhat unusual, and accounts for the parties continued reliance on the briefs. Scott has contended from the inception of the case that he made a claim for benefits on June 21, 2011 which was wrongfully denied. Thus he urged that he did, in fact, exhaust his remedies prior to bringing suit, and his action should not be dismissed. By contrast, Norton did not and does not acknowledge June 21st as the date upon which a claim was first filed. Norton urges August 3, 2011 as the key date. Therefore, it argued that there had not yet been exhaustion of the claim.

Recognizing this dispute of fact, but concluding that the action could not proceed while any claim for benefits remained in the administrative pipeline, the court dismissed the action for failure to exhaust administrative remedies. The court did not address the parties' dispute of fact, but instead found as a practical matter that the court could not address Scott's claims until the administrative process was complete. The court noted that nothing about the dismissal, rendered without prejudice, would prevent Scott from continuing to argue his position concerning the June 21st date in subsequent pleadings. The court dismissed the action and the case was closed.

The court is now presented with Scott's motion for leave to file a first amended complaint. Norton objects, noting that the case has been closed and Scott did not make a motion to reopen. It urges that there is presently no longer a complaint for Scott to amend, and suggests that Scott was dilatory in failing to move to for leave to amend prior to the August dismissal.

The court entered an order dismissing the action without prejudice for failure to exhaust administrative remedies which was final and appealable. *Hoover v. Timken Company*, No. 01-3905, 30 Fed.Appx. 511, 2002 WL 14951 (6th Cir. Feb. 26, 2002)("An order dismissing a case without prejudice is appealable where the denial of relief and dismissal of the case ended the suit as far as the district court was concerned." *United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 795. n. 1, 69 S.Ct. 824, 93 L.Ed. 1042 (1949)). From the court's point of view, the claims might or might not have been reasserted after the administrative process was concluded. However, actions are not kept pending on the docket on a mere possibility.

Norton urges that Scott should be precluded from filing an amended complaint because he has not offered a justification for failing to seek leave to amend in April after he received the final denial from Norton. By the same token, however, Norton had pending a motion to dismiss for failure to exhaust administrative remedies, but did not notify the court of the final denial letter either.

Scott notes that he filed his motion to amend within 28 days of the dismissal order. Thus, he urges that his motion may be considered as a timely motion for leave to amend the judgment under Fed.R.Civ.P. 59(e). The court finds that in light of the issuance of the April 6, 2011 final denial by Norton, the case should be reopened and Scott should be permitted to file an amended complaint in this matter.

Therefore, motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that this matter be **REOPENED**, and the motion of the plaintiff, Danny R. Scott, for leave to file a first amended

- 4 -

complaint (DN 11) is **GRANTED** and the tendered First Amended Complaint is ordered **FILED OF RECORD.**

**IT IS SO ORDERED.**

October 29, 2012

**Charles R. Simpson III, Judge
United States District Court**